ESTATE OF CARL L. BAXTER, DECEASED, STEPHEN C. BAXTER, PERSONAL REPRESENTATIVE, AND PAULA BAXTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Baxter v. Commissioner
Docket No. 28193-89
United States Tax Court
T.C. Memo 1992-4; 1992 Tax Ct. Memo LEXIS 9; 63 T.C.M. (CCH) 1706; T.C.M. (RIA) 92004; January 2, 1992, Filed *9 Decision will be entered for the respondent. R. Dow Bonnell, for petitioners. Donald E. Edwards and Nancy S. Vozar, for respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: Respondent issued a notice of deficiency in which he determined that petitioners are liable for additions to tax for substantial understatements of income taxes under section 6661(a) in the amounts of $ 26,763 for 1983 and $ 7,974 for 1984. At issue is whether petitioners are liable for such additions to tax. The case was submitted fully stipulated *10 pursuant to Rule 122. Included in the stipulation is the trial transcript of . The parties agree that all evidence adduced in that case constitutes the evidence for this case, and that the case herein may be decided upon the evidence which was admitted in the Krizer case. Petitioners resided in Ada, Oklahoma, at the time they filed their petition in this case. Petitioners reported income tax due and owing of $ 17,401.01 on their 1983 joint Federal income tax return and no tax due on their 1984 joint return. Prior to issuance of the notice of deficiency, petitioners agreed to income tax deficiencies of $ 107,052.80 and $ 31,897.10, respectively, for 1983 and 1984. Respondent determined, in the notice of deficiency, that the entire understatement of tax for each year was subject to the addition to tax under section 6661(a) as a substantial understatement of income tax. Petitioners entered into one or more contracts for the two years in question with Pre-Paid Legal Services, Inc., which, in substance, is identical to the contract in the Krizer case. On Schedule C of their 1983 Federal income tax return, petitioners *11 reported no income from their reinsurance agreement and claimed $ 225,000 contract service expenses and $ 11,250 legal and professional expenses, for a total loss of $ 236,250. On Schedule C of their 1984 return, petitioners reported no income from this activity, expenses of $ 180,000 for contract services, and $ 9,000 for legal and professional services, for a total loss of $ 189,000. Respondent disallowed the claimed losses and, as in , allowed petitioners a 5-year amortization for the claimed ceding commissions. Petitioners accepted such determination therein. On petitioners' Form 1040 for both years, the occupation of Carl L. Baxter was listed as "Oil Producer" and that of Paula Baxter as "Housewife". Since no evidence was submitted to the contrary, the Court finds that petitioners' principal trade or business activities were, respectively, that of oil producer and housewife for the years in question. The section 6661 addition to tax determined by respondent applies to the understatement of income tax resulting from disallowance of petitioners' Schedule C business expenses and other adjustments which are unrelated to the *12 Schedule C reinsurance activity. The issue in this case is the same as that considered by the Court in and the parties have stipulated to inclusion of the evidence presented in Krizer into the record of this case. Accordingly, for the reasons set forth in Krizer, the Court holds that respondent's determination in the notice of deficiency is sustained with respect to the understatements attributable to the reinsurance contract. With respect to the understatements resulting from the other adjustments which were not related to the reinsurance contracts, petitioners bore the burden of proof under Rule 142(a) to establish that such items were subject to reduction of the understatement under section 6661(b)(2)(B). Petitioners produced no evidence with respect to such other items. Consequently, the addition to tax under section 6661(a) attributable to such items is also sustained. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩